## William Wieghard v. The Fieldon Creamery Co.

1. CONTINUANCE—*Attorney, a Member of the Legislature.*—An affidavit for a continuance, on the ground that the attorney of the party is a member of the general assembly, not containing the words " in such suit," as used in section 47 of the Practice Act, but the different and not necessarily equivalent words, " this cause," is insufficient.

2. SAME—*Statute Construed.*—The words, " in such suit," as used in section 47, chapter 110, R. S., entitled " Practice," refer to a suit actually commenced, and not to a mere controversy, or a suit threatened or anticipated.

3. APPELLATE COURT PRACTICE—*Abstracts.*—The Appellate Court is not inclined to go to the record in aid of technical objections.

4. PRACTICE—*What is Admitted by a Default.*—Where a defendant is defaulted for want of a plea, the performance of any contract set out in the declaration is admitted.

Assumpsit.—Upon a subscription to capital stock. Appeal from the County Court of Jersey County; the Hon. A. M. SLATEN, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

THOMAS F. FERNS, attorney for appellant, contended that the trial court has no discretion in granting or refusing such a motion when based upon an affidavit containing the statutory grounds. Secs. 46 and 47, Chap. 110, Ill. R. S., 1893; St. L. & S. E. Ry. Co. v. Teeters, 68 Ill. 144; Wicker v. Boynton, 83 Ill. 545; Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372; Ware v. City of Jerseyville, 158 Ill. 234.

No judgment by default can be rendered at the first term of court on a declaration declaring on a written instrument when a copy of such instrument is not filed with the declaration ten days before the court at which the summons is made returnable. The written specifications were a part of the original contract sued on, and a copy of same should have been filed with the declaration. See Sec. 17, Chap. 110, Ill. R. S., 1893.

CHAS. S. WHITE, attorney for appellee.

The statute giving this ground of continuance (Sec. 46 and Sec. 47, Chap. 110, Ill. R. S., 1893) is in derogation of

the common law and must not be broadened by implication. Section 47 referred to above is as follows: "The foregoing (Sec. 46) shall not apply to cases of application for continuance by reason of the absence of any attorney, solicitor, or counsel who shall not have been actually employed in such suit prior to the commencement of such session of the general assembly."

A strict compliance with the statute is necessary. Where it was stated in an affidavit that "the presence of the attorney is necessary to a trial of the cause," in the absence of words fair and proper, it was held that a continuance should not be granted. Williams v. Baker, 67 Ill. 238; McClory v. Crawley, 59 Ill. App. 392.

When the affidavit for a continuance of a cause on the ground that the party's attorney was in attendance upon the general assembly as a member thereof, fails to show that the attorney was actually employed in the case prior to the commencement of the session, it will not entitle the party to a continuance. Stockley, Adm'r, v. Goodwin, 78 Ill. 127; see also St. Louis & S. E. Ry. Co. v. Teeters, 68 Ill. 144; Wicker v. Boynton, 83 Ill. 545; Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372; Ware et al. v. City of Jerseyville, 158 Ill. 238.

The contract of subscription to the contemplated corporation is evident on the face of the writing. The corporation being formed as averred in the declaration the appellant became liable for the amount of his subscription. 2 Waterman on Corporations, Sec. 176; Whitsitt v. The Trustees, etc., 110 Ill. 134; Cross v. The Pinckneyville Mill Co., 17 Ill. 43; Davis & Rankin B. and M. Co. v. Colusa Dairy Association and Joseph F. Dietrich, 55 Ill. App. 591.

The appellant was in default, hence all the material allegations of the declaration, regardless of formal defects, if any exist, were in consequence admitted by him, and can not now be objected to on appeal. Lawver v. Langhans, 85 Ill. 138; Mass. Mut. Life Ins. Co. v. Kellogg, 82 Ill. 614.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT. This was assumpsit by appellee to recover the sum of $100

upon a subscription for that amount of the capital stock of the appellee.

The appellant moved for a continuance because his attorney was a member of the general assembly and then in attendance upon the session thereof at the capital.

The motion was denied and the default was taken and damages assessed at $100. Judgment was entered accordingly.

The first question is whether the court erred in refusing the continuance. The affidavit stated that the defendant actually employed the attorney in said cause before he was elected to his office. The objection urged is that it does not state that the attorney was employed in the suit prior to the commencement of the session of the general assembly as required by Sec. 47 of the Practice Act, and that it appears by the files in the case that the present suit was not commenced until May 1, 1895, a period of about four months after the general assembly convened.

We are inclined to hold that the phrase " *in such suit,*" as employed in said Sec. 47, must refer to a suit actually commenced and not to a mere controversy, or a suit threatened or anticipated.

The affidavit does not use the words of the statute but the different and not necessarily equivalent words, " *this cause;* " and these, in view of the files of the court which might properly be considered in that connection, could mean no more than this controversy, and implied no more, at the utmost, than that the defendant, anticipating a suit, had employed the attorney long before there was a suit, to defend him in that contingency.

The construction insisted upon would lead to abuse and would provide an additional means of delay which might be resorted to by those intending not to meet their obligations and expecting to be sued thereon.

We must presume that the use of the words " in such suit" was not accidental, and we are not disposed to substitute other words therefor in order to meet a refined theory as to the object of the enactment. There was no error in overruling the motion for continuance.

It is objected that no complete copy of the instrument sued on was filed with the declaration ten days before the first day of the term. Appellant has not incorporated the contract in the abstract, but it is suggested in the brief that certain specifications not particularly stated should be regarded as a part of the contract and there is no copy of the specifications.

The abstract does not contain the allegations of the declaration as to the terms of the contract, and without reference to the record we can not ascertain what there is in the suggestion.

We are not inclined to go to the record in aid of so technical an objection, and without indicating whether, if the abstract were ample, the supposed defect could be reached in this way, we pass the objection without further comment.

It is also urged that there was no proof that appellee performed its part of the contract. No such proof was necessary.

Whatever the declaration alleged in this respect was admitted by the default. The suggestion formally made in the brief, that the declaration did not allege that the plaintiff had performed all the conditions binding on it, is met by the fact already noticed, that the abstract does not set out the declaration so as to show what it alleged or failed to allege in regard to the contract or the performance thereof by the plaintiff. Affirmed.